UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

                -v-                        18-CR-265 (JPO)

JOSEPH KALABA,                       ORDER

                     Defendant.

J. PAUL OETKEN, District Judge:

      Defendant Joseph Kalaba is serving a 42-month sentence for an illegal oxocodone distribution offense. He has been in custody since his arrest on November 4, 2015. Defendant, through counsel, has requested compassionate release, citing his health problems and the conditions at MCC during the COVID-19 pandemic. The Court construes Defendant's request as being made pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(a)(i). The Court has reviewed the parties' written submissions on Defendant's motion, which the Government has opposed. (Dkt. Nos. 4-8.)

      "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02 Cr. 743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). A district court is permitted to reduce a term of imprisonment if, after considering the factors in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The First Step Act allows a court to reduce a sentence in this manner "upon motion of the defendant" either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days

1

from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

The Court agrees with the Government that the Court lacks statutory authority to grant Defendant's motion at the present time due to the statute's explicit exhaustion requirement. As a legal matter, the Court finds persuasive the analyses by Judge Furman in *United States v. Roberts*, No. 18 Cr. 528, 20 WL 1700032, at *2–*3 (S.D.N.Y. April 8, 2020), and Judge Sullivan in *United States v. Ogarro*, No. 18 Cr. 373, 20 WL 1876300, at *2–*5 (S.D.N.Y. April 14, 2020).

Defendant apparently has not exhausted his administrative remedies with the Bureau of Prisons. He does not allege that he has submitted a request for compassionate release to the BOP. Had he submitted such a request, this Court could consider Defendant's motion after 30 days. However, absent such a request to the BOP, this Court lacks statutory authority to grant relief under § 3582(c)(1)(a)(i).

Accordingly, Defendant's motion for compassionate release is denied without prejudice to renewal in the future.

The Clerk of Court is directed to close the motion at Docket Number 8.

SO ORDERED.

Dated: July 24, 2020
      New York, New York

_____
J. PAUL OETKEN
United States District Judge