UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

JOSEPH KALABA,
                Defendant.

18-CR-265 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Defendant Joseph Kalaba is serving a 42-month prison sentence for an illegal oxocodone distribution offense. His projected release date is March 14, 2021. He has renewed his request for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(a)(i), citing his health problems and the prison conditions during the COVID-19 pandemic. The Court has reviewed the parties' written submissions on Defendant's motion, which the Government has opposed. (*See* Dkt. Nos. 16-17.)

      "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02 Cr. 743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). The First Step Act of 2018 provides that a district court "may reduce [a defendant's] term of imprisonment . . . , after considering the factors set forth in [18 U.S.C.] section 3553(a), . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

      A Sentencing Guidelines policy statement, U.S.S.G. § 1B1.13, outlines circumstances that constitute "extraordinary and compelling reasons" justifying a sentence reduction, including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment

1

of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).

However, in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), the Second Circuit held that Guidelines § 1B1.13 — which has not been amended since enactment of the First Step Act — is not "applicable" to compassionate release motions brought by defendants under the statute. 976 F.3d at 236. Thus, "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.* at 237. The court further explained:

> It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place. Beyond this, a district court's discretion in this area — as in all sentencing matters — is broad. The only statutory limit on what a court may consider to be extraordinary and compelling is that "[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason."

*Id.* at 237-38 (citations omitted; quoting 28 U.S.C. § 994(t) (emphasis added)).

The Government acknowledges that Defendant's medical condition, in particular his Type II diabetes, provides an "extraordinary and compelling reason" for his release. (Dkt. 17 at 2-3.) The Government contends, however, that Defendant's motion nevertheless should be denied because the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against release. The Court agrees. In light of the seriousness of the offense and Defendant's lengthy criminal history, the 42-month sentence imposed by the Court was already a lenient sentence, and substantially below the Guidelines. Given the need to serve the purposes of just punishment, specific deterrence, and protecting the public from criminal conduct, the Court cannot justify an event shorter sentence under § 3553(a). The Court has considered the fact that Defendant's projected release date is in less than three months. However, because Defendant is a non-U.S.

citizen and is subject to an immigration detainer, his release at this time would simply be into the custody of immigration authorities, where he would be detained for at least some period of time. Thus, it is unlikely that early release from the BOP at this time would address any imminent risks posed by Defendant's medical condition.

Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1) is denied.

The Clerk of Court is directed to close the motion at Docket Number 16.

SO ORDERED.

Dated: December 21, 2020
      New York, New York

                                                          J. PAUL OETKEN
                                            United States District Judge